UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JAMES REYNOLDS,

              Plaintiff,

  -against-

WENNER MEDIA LLC,

             Defendant.

-------------------------------------------------------X

Index No.:
Date Filed:

**COMPLAINT**

**JURY TRIAL DEMANDED**

11 CV 0327

JUDGE SCHEINDLIN

Plaintiff, James Reynolds ("Plaintiff"), by and through his undersigned counsel, for his Complaint alleges, as follows:

## NATURE OF ACTION

1. Plaintiff alleges that pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* that he is: (i) entitled to unpaid wages from Defendant Wenner Media LLC ("Wenner") and for overtime pay, as required by law, and is (ii) entitled to liquidated damages pursuant to the FLSA, 29 US.C. §§ 201 *et seq.*

2. Plaintiff further alleges that he is entitled to damages from Defendant Wenner for work for which he did not receive wages and overtime premium pay as required by the New York Labor Law Article 6 §§190, *et seq.* and Article 19 §§650, *et seq.* and its supporting New York State Department of Labor Regulations.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. §1331 because the action involves a federal statute, the FLSA, 29 U.S.C. §§ 201 *et seq.*

4. The Court has supplemental jurisdiction under 28 U.S.C. §1367 over the New York state law wage and hour claims because those claims derive from a common nucleus

of operative fact.

5. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because Defendant resides or may be found in this judicial district and because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

## THE PARTIES

7. Plaintiff James Reynolds was, at all relevant times, an adult individual, who is a resident of New York, New York.

8. Upon information and belief, Defendant Wenner is a Delaware Limited Liability Company, with its principal place of business located at 1290 Avenue of the Americas, New York, NY 10104. Defendant Wenner is one of the premier magazine publishers in the country. Defendant Wenner owns and publishes Rolling Stone magazine, and also publishes Men's Journal and US Weekly. In addition, Defendant Wenner operates websites for its magazines. Upon information and belief, current estimates show that Defendant Wenner has annual revenue of $10 to $20 million.

9. Defendant Wenner maintains control, oversight, and direction over the operation of its offices, including its employment practices, and is a covered employer within the meaning of the FLSA and New York state law.

## FACTUAL ALLEGATIONS

10. Starting on or about December 4, 2006 and ending on or about October 5, 2010, Plaintiff was employed by Defendant Wenner as an Assistant Editor in the Copy Department. Plaintiff worked at the office of Defendant Wenner located at 1290 Avenue of the

Americas, New York, NY 10104.

11. Plaintiff's work was performed in the normal course of the Defendant's business.

12. The work performed by Plaintiff required little skill, little education, was routine work, and involved no capital investment. In order to be hired, Plaintiff simply had to pass a basic spelling and grammar test. Plaintiff's duties did not include managerial responsibilities or the exercise of discretion or independent judgment, nor did it include any creativity or imagination. In addition, Plaintiff did not have the authority to hire or fire other employees, nor was he responsible for supervising or directing the work of other employees.

13. Instead, Plaintiff's job duties only involved proofreading articles for basic punctuation, spelling, or grammatical errors, and did not involve matters of significance to Defendant Wenner. Plaintiff was not permitted to make any real changes to the articles, and Plaintiff was only allowed to refer the article back to the editor, under whose direct supervision he worked.

14. Because Plaintiff was a non-exempt employee, Defendant Wenner was required to pay Plaintiff straight time pay for all hours worked and, time and one-half his regular rate for each hour worked in excess of forty (40) hours per workweek.

15. Plaintiff often worked in excess of his normal workweek of about 32 hours and yet Defendant Wenner failed to pay him for the additional hours. Also, when Plaintiff worked in excess of 40 hours a week, Defendant Wenner willfully failed to pay Plaintiff overtime compensation of one and one-half times his regular hourly rate, in violation of the FLSA and the New York Labor Law. For about twenty-six (26) weeks per year, Plaintiff worked as many as 63 hours per week.

16. Throughout all relevant time periods, upon information and belief,

Defendant failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

17. During the course of Plaintiff's employment, Defendant Wenner failed to maintain accurate and sufficient time records of Plaintiff's hours worked each week.

## FIRST CAUSE OF ACTION
### Violations Of The Federal Fair Labor Standards Act

18. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

19. At all relevant times, Defendant Wenner has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant Wenner has employed and continues to employ, employees, including the Plaintiff.

20. The FLSA requires each covered employer such as Defendant Wenner to compensate all non-exempt employees at straight time rates for all hours worked and at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

21. Plaintiff was and is entitled to be paid overtime compensation for all hours worked in excess of forty (40) hours per week.

22. Defendant, pursuant to its policies and practices, failed and refused to pay Plaintiff for all straight time hours worked and overtime pay as required by law.

23. Defendant Wenner's practice of failing to pay Plaintiff, as an Assistant Copy Editor, for all straight time hours worked and at time and one-half Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, was and is in violation of the FLSA.